UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| HENRY ORTIZ, | : | |
| Plaintiff, | : | Civil Action No. 22-5752 (JXN) (CLW) |
| v. | : | OPINION |
| HISATO NAKANO, President - Sumitomo Mitsui Trust Bank (U.S.A.) Limited, VIANA NG, Executive Vice President - Human Resources, JASNA CAMPEAU, First Vice President - Head of Human Resources, CHUCK GRUPPUSO, JR., Senior Vice President - Head of Information Technology, and SUMITOMO MITSUI TRUST BANK (U.S.A.), | : | |
| Defendants. | : | |

**NEALS**, District Judge:

This matter comes before the Court on Defendants Sumitomo Mitsui Trust Bank (USA) Limited, ("Trust Bank"), Hisato Nakano, Viana Ng, Jasna Campeau, and Chuck Gruppuso, Jr.'s (collectively, the "Defendants") motion to dismiss *pro se* Plaintiff Henry Ortiz's ("Plaintiff") complaint (ECF No. 1) (the "Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 9) (the "Motion"). The Court has carefully considered the parties' submissions and decides this matter without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b).

For the reasons set forth below, Defendants' motion to dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.

I. **BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff was employed by Trust Bank from March 17, 2003 to September 3, 2019. (Compl. at 5[2]). Following an Equal Employment Opportunity Commission ("EEOC") "mediation," Plaintiff and Trust Bank entered into a settlement agreement in 2019 where Plaintiff "agreed to withdraw" his previous discrimination charge with the EEOC and was subsequently "separate[ed] from employment" at Trust Bank (the "Settlement Agreement"). (*Id.*). The Settlement Agreement provided that "in the event [Plaintiff] should file for unemployment insurance benefit after September 3, 2019, [Trust Bank] will not oppose his receipt of unemployment insurance benefits." (Settlement Agreement (ECF No. 1-1), Ex. G. to Compl. at 38-39).

On March 22, 2020, Plaintiff "filed for New Jersey Unemployment Insurance[.]" (Compl. at 5). On April 14, 2020, the New Jersey Department of Labor and Workforce Development, Unemployment and Disability Insurance Services ("NJ Unemployment") disqualified Plaintiff for benefits in part because Plaintiff voluntarily left employment. (Not. of Determination (ECF No. 1-1), Ex E. to Compl. at 29). On March 31, 2021, Plaintiff appealed the denial to NJ Unemployment's Appeal Tribunal (the "Appeal Tribunal"). (Appeal Tribunal's June 16, 2021 Decision (ECF No. 1-1), Ex. B. to Compl. at 14). On June 16, 2021, the Appeal Tribunal found Plaintiff "did not leave work voluntarily" and was not disqualified from benefits. (*Id.* at 16).

On September 7, 2021, Plaintiff filed a charge of discrimination with the EEOC alleging retaliation and "other" allegations (the "Discrimination Charge"). (Discrimination Charge (ECF No. 1-1), Ex. A to Compl. at 7). Therein, Plaintiff alleges that Trust Bank took "retaliatory action against [him]" by: (1) "respond[ing] to [Plaintiff's] request for NJ Unemployment by claiming

---

[1] The following factual allegations are taken from the Amended Complaint, which the Court must accept as true when ruling on a motion to dismiss. *Sheridan v. NGK Metals Corp.,* 609 F.3d 239, 262 n.27 (3d Cir. 2010).
[2] The Court refers to the ECF Header page numbers.

2

falsely that [Plaintiff] was discharged from employment for misconduct[;]" and (2) not "correct[ing] the false allegation that [Plaintiff's] employment was not terminated for misconduct . . . ." (*Ibid.*).

On August 25, 2022, Plaintiff filed the Complaint alleging retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII") based on race (Hispanic) and age (61 years old). (Compl. at 3-4). On November 23, 2022, Plaintiff opposed the instant Motion (ECF No. 12) (the "Opposition"). Defendants did not reply and instead filed a letter on December 19, 2022, requesting that the Court reject the Opposition as untimely. (ECF No. 13).

On December 20, 2022, Plaintiff filed a letter requesting that the Court dismiss the Motion because Defendants failed to mail a copy of the same and emailed it to Plaintiff's personal email. (ECF No. 14). On December 26, 2022, Plaintiff filed a second letter again seeking dismissal of the Motion and stating that Plaintiff "wonder[s] if the mailing of the printed copy of their motion dated November 23, 2022, was deliberately delayed to limit [his] time frame to respond." (ECF No. 15). Plaintiff echoed those sentiments in a third letter dated December 30, 2022. (ECF No. 17). On December 27, 2022, Defendants filed a letter stating that they "emailed their papers to [P]laintiff at the email address he provided on his Complaint and also sent him a copy of the papers via U.S. mail to the home address he provided." (ECF No. 16). Further, that "[t]here was no attempt to by [D]efendants to delay [P]laintiff's response to the [M]otion." (*Ibid.*).

The Court notes that the email provided in the Complaint (*see* Compl. at 1), is the same email Defendants purportedly emailed the Complaint to. (ECF No. 14). The Court further notes that the address provided in the Complaint (*see* Compl. at 1), is the same address listed on the docket, as well as in Plaintiff's correspondence. (ECF Nos. 14-15, 17). As a result, the Court does

3

not find that Defendants "deliberately delayed" Plaintiff's receipt of the Motion. Additionally, because the Court may relax the Local Rules based on Plaintiff's *pro se* status (*see Reich v. Farleigh Dickinson Univ.*, No. 17-7608, 2022 WL 2384007, at *2 n.3 (D.N.J. July 1, 2022); *Martin v. Keitel*, No. 6-5798, 2007 WL 1175736, at *1 (D.N.J. April 18, 2007)), the Court will overlook the untimeliness of the Opposition and considers the same in its decision here.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citations and internal quotations omitted). In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) (citation and internal quotations omitted).

To determine whether a Complaint is plausible, courts in the Third Circuit conduct a three-step analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court "take[s] note of the elements a plaintiff must plead to state a claim." *Id*. at 130 (citation and internal quotations and brackets omitted). Second, the court identifies allegations that "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 130 (citation and internal quotations omitted). Third, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* at 130 (citation and internal quotations omitted).

### III. DISCUSSION

Initially, the Court agrees that Plaintiff's allegations regarding Trust Bank's communications with prospective employers are outside the parameters of the Discrimination Charge. (Defs.' Br. (ECF No. 9-1) at 26-27). Accordingly, to the extent Plaintiff's allegation that Defendants "ha[ve] also taken other retaliatory action against [him]" (*see* Ex. A at 7; Ex. C at 20) refers to these communications, they will not be considered by the Court. *See Scocozza v. New Jersey,* No, 14-2095, 2014 WL 6674453, at *4 (D.N.J. Nov. 25, 2014) (A "Title VII plaintiff may only sue for discrimination that falls within the scope of the EEOC investigation which can be reasonably expected to grow out of the charge.") (citation and internal quotations omitted).

Defendants next argue that the Complaint is time-barred because Plaintiff failed to file the Discrimination Charge within 300 days of the Notice of Determination. (Defs.' Br. (ECF No. 9-1) at 21). Plaintiff does not dispute this assertion. (*See, gen.* Opp.). It is equally undisputed in the record. Thus, the Court agrees.

Title VII requires that a discrimination charge "be filed with the EEOC within 180 days of the occurrence of the alleged unlawful employment practice." *Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 469 (3d Cir. 2001). Plaintiffs living in a "deferral state" like New Jersey, however, may file the charge within 300 days of the occurrence. *Cortes v. Univ. of Med. & Dentistry of N.J.*, 391 F. Supp. 2d 298, 310 (3d Cir. 2005). *See also* 42 U.S.C. § 2000e-5(c). To that end, "[a]bsent a continuing violation, all discriminatory acts that are alleged to have occurred more than 300 days prior to the EEOC filing are time-barred." *Verdin v. Weeks Marine Inc.*, 124 F. App'x 92, 95 (3d Cir. 2005) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002)).

Here, Plaintiff alleges that he filed for NJ Unemployment on March 22, 2020. (Compl. at 5). The Notice of Determination, wherein Plaintiff was denied NJ Unemployment, is dated April 24, 2020. (Ex. E at 29). 300 days from the alleged discriminatory occurrence, i.e., the denial of Plaintiff's NJ Unemployment, is February 18, 2021. The Discrimination Charge is dated September 7, 2021 and, therefore, untimely. (Ex. A at 7). The Court also agrees that any discriminatory action by Defendants to prevent Plaintiff from obtaining NJ Unemployment would had to have taken place before April 24, 2020 (*see* Defs.' Br. at 21), which is well beyond the 300-day deadline. Notably, Plaintiff offers no explanation for waiting approximately seven (7) months to file the Discrimination Charge. (*See, gen.* Opp.). Accordingly, the Complaint is time-barred. (*See Cottrell v. Rowan University*, 786 F.Supp. 2d 851, 862 (D.N.J. 2011) ("A claim is time barred if it is not filed within" the EEOC's 180 or 300 days "time limits.") (citation omitted). The Court further finds that equitable tolling is inapplicable here.

Under the continuing violation doctrine, "an action is timely so long as the last act evidencing the continuing practice falls within the limitations period." *Davis v. Cape May Prosecutor's Office*, No. 22-783, 2023 WL 1883327, at *4 (D.N.J. Feb. 10, 2023) (citation and internal quotations omitted). To apply, the plaintiff "must demonstrate a discriminatory pattern or practice that is more than the occurrence of isolated or sporadic acts of intentional discrimination." *Id.* at *4 (citation and internal quotations omitted). The continuing violation doctrine, however, is "applied sparingly." *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113 (citation omitted).

Plaintiff alleges that Defendants' retaliation against him is "ongoing through [the] present" and that this is a "continuing action[.]" (Compl. at 7). There is nothing in the Complaint or Opposition that suggests that the discrimination at issue here includes actions beyond Defendants'

purported effort to deny Plaintiff NJ Unemployment.[3]  More specifically, there are no allegations to suggest any discriminatory act by Defendants took place between April 24, 2020 and February 18, 2021 (300 days from the occurrence of the alleged discriminatory conduct) to justify application of the continuing violations doctrine.  *See Davis*, 2023 WL 1883327, at *4.  Similarly, there are no allegations that Defendants took any discriminatory action related to Plaintiff's claim for NJ Unemployment or for any other reason, since the date of the Settlement Agreement.  Accordingly, Plaintiff's Complaint must be dismissed.  *See Lavelle v. PSE&G Gas and Electric*, No. 22-5735, 2023 WL 4947371, at *3 (D.N.J. Aug. 3, 2023) (Dismissing Title VII and ADEA claims *with prejudice* due to *pro se* plaintiff's failure to file a discrimination charge with the EEOC (Title VII claim) and not filing a discrimination charge with the EEOC until after the 300-day deadline (ADEA claim)).

### IV.  CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss (ECF No. 9) is **GRANTED** and Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *with prejudice*.  An appropriate Order accompanies this Opinion.

s/ Julien Xavier Neals
**JULIEN XAVIER NEALS**
United States District Judge

DATED: 12/27/2023

---

[3] Materials attached to the Complaint arguably confirm that Defendants were not involved in Plaintiff's claim for NJ Unemployment.  (*See* Ex. E to Compl.).  Likewise, Defendants' counsel's communication with Plaintiff's counsel arguably confirms that Defendants took no position on Plaintiff's claim for NJ Unemployment.  (Ex. 2, April 16, 2020 emails exchange (ECF No. 9-2) to Maxine H. Neuhauser's November 24, 2022 Certification (ECF No. 9-2)).